J. J. HEIFNER, Respondent, v. CHICAGO ROCK
ISLAND & PACIFIC RAILWAY CO., Appellant.

**Kansas City Court of Appeals, December 21, 1914.**

**CARRIERS OF GOODS: Conversion: Payment into Court: Costs.**
A carrier was sued in conversion for the loss of a shipment
of apples. It answered by denying the conversion, but ad-
mitting that it necessarily sold the apples and that it had the
proceeds, which it alleged it then deposited in court for the
plaintiff. But the proceeds were not paid into court until at
the trial when plaintiff accepted the amount. It was *held* that
defendant was liable for the costs.

Appeal from Buchanan Circuit Court.—*Hon. C. H.*
*Mayer,* Judge.

AFFIRMED.

*John E. Dolman* and *O. E. Shultz* for appellant.

*Sterling P. Reynolds* for respondent.

ELLISON, P. J.—Plaintiff shipped a lot of apples
over defendant's road from Wallace, Missouri, to St.
Joseph, destination Macon, Missouri. Defendant's
road did not run to Macon and the fruit was to be
taken to St. Joseph, Missouri, and there delivered to
the Chicago, Burlington and Quincy Railway Company
to be taken to Macon. On arrival at St. Joseph de-
fendant sold the apples for $15.25. It deducted freight
charges of $6.12 which left $9.13 due plaintiff, which
sum the answer admitted to be due, alleging that "said
sum defendant now brings into court for the owner."
But the money was not brought in as thus alleged. At
the trial, after the jury had been empanelled, defend-
ant offered and deposited the $9.13 in court, which
plaintiff immediately accepted. The court then dis-

charged the jury and entered the following judgment. "Now, the defendant in open court admits that it is indebted to the plaintiff in the sum of $9.13, in accordance with the tender made in its answer, but which sum has not heretofore been actually paid to or tendered plaintiff or paid into court for him. And now here in open court defendant pays said amount to the clerk for plaintiff and the plaintiff electing to accept the same, now the jury empanelled to try this cause is discharged and the clerk is ordered and directed to pay to plaintiff said sum of $9.13 so tendered and deposited by the defendant, and it is further considered and adjudged that all costs which have accrued in this cause be and the same are taxed against defendant. And it is further ordered, considered and adjudged that plaintiff recover of defendant its costs herein as heretofore expended and have thereof execution."

The contest relates to the matter of costs; defendant insisting that it is not liable and that the judgment is therefore erroneous. We think defendant's view is not correct. Defendant sold plaintiff's apples in October, 1910, and kept the proceeds without offering to pay it over to plaintiff. Six months afterwards (April 15, 1911) plaintiff brought his action for the value of the apples. Nearly three years afterwards (January 27, 1914) defendant, by its amended answer, stated that it carried the apples to St. Joseph and delivered them to the Chicago, Burlington & Quincy road, but the latter refused to receive them and returned them to defendant, and being perishable, defendant sold them for $9.13 net, which sum it alleged it then and there brought into court for plaintiff. The trial came on the next day, January 28, 1914, when the money was produced for the first time and plaintiff accepted it as above stated. Thus it appears that defendant kept plaintiff's money for more than three

years and finally paid it at the opening of the trial. That it should pay the costs would seem to be clear.

The defense is so involved with theories of the rights of the parties under a petition for conversion and an answer showing no conversion that it is difficult to understand. It is said that the answer shows no conversion and that though it admits there is a sum due plaintiff, it shows such sum arose from defendant's rightful conduct. Defendant cannot be allowed to make out a case here which was not presented to the trial court. The case in the trial court, without regard to its technical designation, was answered by defendant whereby there was admitted to be due plaintiff a certain sum which was paid into court for him at the trial.

We have no means of knowing whether plaintiff should have brought an action on the facts as set up in defendant's answer and made his claim on defendant's refusal to pay over the proceeds of the sale. Nor need we say whether that refusal would not, of itself, constitute a conversion. But if it would not, and the action was improperly brought in conversion, defendant should have attacked it in the proper way, at the proper time, for that reason. Defendant has chosen to answer to the case stated by plaintiff that it owed him $9.13 and paid that sum into court for him. It was paid too late to avoid the costs.

The judgment is affirmed. All concur.